FILED

2011 OCT 14  PM 3: 17

CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

September 2011 Grand Jury

**CR 11 00973**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. 11- |
| Plaintiff, | I N D I C T M E N T |
| v. | [18 U.S.C. § 371: Conspiracy;<br>18 U.S.C. § 1546(a): Presentation |
| HAOREN MA and<br>MINGHAN DONG, | of False Immigration Document or<br>Application; 8 U.S.C. |
| Defendants. | § 1324c(e): Failure to Disclose<br>Role in Preparing False |
| | Immigration Document; 18 U.S.C.<br>§ 1001(a)(3): False Writing or |
| | Document to Government Agency; 18<br>U.S.C. § 2(b): Causing Act to Be |
| | Done; 18 U.S.C. § 1028A:<br>Aggravated Identity Theft] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 371]

A.    INTRODUCTORY ALLEGATIONS

At all times relevant to the Indictment:

1.    The Department of Homeland Security, United States Citizenship & Immigration Services ("CIS"), was an agency of the United States government charged with administering the

1    immigration benefit programs available to aliens seeking legal

2    status to enter or remain in the United States.

3      2.    To obtain asylum in the United States, an alien was

4    required to show that he or she had suffered persecution in his

5    or her country of origin on account of race, religion,

6    nationality, political opinion, or membership in a particular

7    social group, or was likely to suffer such persecution if the

8    alien returned to such country. An individual who was granted

9    asylum could, one year after such grant, apply for lawful

10    permanent resident status, signified by receipt of what is

11    commonly referred to as a "green card."

12      3.    Alien applicants seeking asylum in the United States

13    were required to complete a form provided by CIS called a Form

14    I-589, Application for Asylum and Withholding of Removal. The

15    Form I-589 required a "detailed and specific account of the basis

16    of [the] claim to asylum." Among other things, the Form I-589

17    required a detailed explanation of any past "harm or

18    mistreatment" in the alien's home country, and a description of

19    any arrests, detentions, interrogations, or imprisonment. The

20    Form I-589 also required the alien to state whether he or she

21    feared torture in his or her home country, and requested an

22    explanation of the nature of the torture feared.

23      4.    If the Form I-589 was prepared by someone other than

24    the applicant or a relative of the applicant, such as an attorney

25    or other preparer, the preparer was required to set forth his or

26    her name and address in a box labeled "Part E" on the form.

27      5.    The alien applicant and the preparer were required to

28    sign the petition under penalty of perjury. Once completed, the

Form I-589 was submitted to and adjudicated by CIS.

6.    When a Form I-589 was received by CIS at a regional CIS Service Center, CIS began the adjudication process by conducting certain record checks and then sending the Form I-589 petition to the asylum office that had jurisdiction over the applicant's place of residence.    The Service Center also sent the applicant and the preparer (as indicated in Box E) an acknowledgment of receipt.

7.    The asylum office then scheduled an interview of the alien applicant before an asylum officer by sending an interview notice to both the applicant and the preparer of record.    To obtain asylum, an applicant was required to appear for an interview before an asylum officer at the asylum office that had jurisdiction over his or her place of residence.

8.    At the asylum interview, the alien applicant could present supporting documents to establish identity or to bolster his or her asylum claim.

9.    At the asylum interview, the alien applicant was placed under oath before the asylum officer questioned the applicant to determine, among other things, if the applicant had a well-founded fear of persecution if deported to his or her native country.    The asylum officer also questioned the applicant regarding the contents of his or her asylum petition.

10.    After the asylum interview, the asylum officer would make a determination to either grant asylum, deny it, or refer the alien applicant to an Immigration Judge for a final determination.    If the asylum applicant was referred to an Immigration Judge, a Notice to Appear for Removal Proceedings was

1  issued, and the administrative process was initiated at an

2  Immigration Court.  If the Immigration Judge denied the

3  application, the decision could be appealed to the Board of

4  Immigration Appeals or the United States Court of Appeals.

5  B.    OBJECT OF THE CONSPIRACY

6        11.  Beginning on a date unknown to the Grand Jury, and

7  continuing to on or about September 14, 2011, in Los Angeles

8  County, within the Central District of California, and elsewhere,

9  defendants HAOREN MA ("MA") and MINGHAN DONG ("DONG"), together

10 with others known and unknown to the Grand Jury, knowingly

11 combined, conspired, and agreed to commit the following offenses

12 against the United States, namely:

13        a.    To knowingly and intentionally present, or

14 willfully cause to be presented, an application, affidavit, or

15 other document required by the immigration laws and regulations

16 prescribed thereunder, knowing that such document contained a

17 false statement with respect to a material fact or failed to

18 contain any reasonable basis in law and fact, in violation of

19 Title 18, United States Code, Sections 1546(a) and 2(b);

20        b.    To knowingly and willfully make or use, or

21 willfully cause to be made or used, a false writing or document

22 in a matter within the jurisdiction of the executive branch of

23 the government of the United States, knowing that such writing or

24 document contained a materially false, fictitious, or fraudulent

25 statement or entry, in violation of Title 18, United States Code,

26 Sections 1001(a)(3) and 2(b); and

27        c.    To knowingly fail to disclose a person's role in

28 making and presenting false immigration documents, in violation

4

of Title 8, United States Code, Section 1324c(e).

C.    THE MANNER AND MEANS OF THE CONSPIRACY

12.    The objects of the conspiracy were carried out, and to be carried out, in substance as follows:

a.    Defendant MA and DONG operated a business called New Arrival Immigration Services ("New Arrival"), also known as "Xin Da" in the Mandarin language, in San Gabriel, California. Through New Arrival, defendants MA and DONG would offer assistance to aliens from China seeking to obtain immigration benefits and legal status in the United States.

b.    Defendants MA and DONG would advertise New Arrival's immigration services in the Chinese language in phone books and via the Internet, and by word of mouth through the Chinese immigrant community.

c.    When an alien sought to hire New Arrival to assist the alien in obtaining immigration benefits in the United States, defendants MA and DONG would inform the alien that the alien could apply for religious asylum by claiming that the alien was a Christian and had been persecuted in China for such religious beliefs. Defendants MA and DONG would advise aliens to make this religious persecution claim to support an asylum application regardless of the alien's true religion and whether the alien had in fact suffered any persecution.

d.    Defendants MA and DONG would charge an alien who engaged their services (the "alien client") approximately $3500 to prepare a Form I-589, submit it to CIS, and prepare the alien client for her/his asylum interview with a CIS officer. Defendants MA and DONG would charge additional fees if the alien

1  client required a hearing with an Immigration Judge or an appeal.

2       e.   In support of the alien client's Form I-589,

3  defendants MA and DONG would prepare a personal narrative

4  statement, which purported to describe the alien client's

5  Christian beliefs and how the alien client had been persecuted in

6  China for such beliefs.  As defendants MA and DONG knew, these

7  personal narratives were false and were based on form language

8  rather than on information provided by the alien clients.

9  Defendants MA and DONG caused these false narratives to be

10  submitted to CIS with the Forms I-589, often without the alien's

11  knowledge or consent.

12       f.   On each alien client's Form I-589, defendants MA

13  and DONG would not provide the alien's true address, but rather

14  would use an address controlled by defendants MA and DONG, such

15  as the address of defendant MA's personal residence or one of two

16  business addresses controlled by defendants MA and DONG, in order

17  to ensure that all correspondence with CIS were sent directly to

18  defendants MA and DONG rather than to the alien client.

19       g.   In the preparer box on each of the Forms I-589

20  (part "E"), defendants MA and DONG would provide a false name and

21  address for the purported document preparer, thereby concealing

22  the fact that defendants MA and DONG were the preparers of the

23  form.

24       h.   After defendants MA and DONG had prepared and

25  caused to be submitted to CIS a false Form I-589 on behalf of an

26  alien client, defendants MA and DONG would prepare the alien

27  client for his or her interview with a CIS officer by providing

28  to the alien client materials about the Christian faith, in order

6

1  to assist the alien client in falsely representing that they had

2  been practicing Christians in China.

3       i.   If CIS requested additional documentation to

4  support an alien client's Form I-589, defendant MA, defendant

5  DONG, and another co-conspirator would prepare additional false

6  supporting documents, including false bail receipts that appeared

7  to bear the stamps of police departments of various Chinese

8  cities, in order to provide false substantiation for the claim

9  that the alien clients had been imprisoned in China for their

10  religious beliefs.

11  D.   OVERT ACTS

12       13.   In furtherance of the conspiracy and to accomplish its

13  objects, defendants MA and DONG, together with others known and

14  unknown to the Grand Jury, committed and willfully caused others

15  to commit the following acts, among others, within the Central

16  District of California, and elsewhere:

17       Overt Act No. 1: On or about March 3, 2009, a co-conspirator

18  caused to be submitted to CIS on behalf of alien J.W. a false

19  Form I-589 to which was attached a false personal narrative, and

20  which listed a false address for alien J.W. and a false name and

21  address in Part E (Declaration of Preparer).

22       Overt Act No. 2: On or about April 9, 2009, a co-conspirator

23  caused to be submitted to CIS on behalf of alien S.X. a false

24  Form I-589 to which was attached a false personal narrative, and

25  which listed a false address for alien S.X. and a false name and

26  address in Part E (Declaration of Preparer).

27       Overt Act No. 3: On or about April 23, 2010, defendant DONG

28  told a government Confidential Informant ("CI"), who had entered

1  New Arrival Immigration Services purporting to seek immigration

2  assistance, that New Arrival could prepare for the CI an asylum

3  petition claiming that the CI was a Christian who had been

4  persecuted in China by the Chinese government, and that it did

5  not matter that the CI was not in fact a Christian.

6      Overt Act No. 4: On or about May 6, 2010, after the CI had

7  hired New Arrival to provide immigration services, defendants MA

8  and DONG provided to the CI a two-page document on Christianity

9  and instructed the CI to begin studying it to prepare for his

10 asylum interview.

11     Overt Act No. 5: On or about June 30, 2010, a co-conspirator

12 caused to be submitted to CIS on behalf of alien Y.W. a false

13 Form I-589 to which was attached a false personal narrative, and

14 which listed a false address for the CI and a false name and

15 address in Part E (Declaration of Preparer).

16     Overt Act No. 6: On or about December 20, 2010, a co-

17 conspirator caused to be submitted to CIS on behalf of alien Y.C.

18 a false Form I-589, to which was attached a false personal

19 narrative, and which listed a false address for alien Y.C. and a

20 false name and address in Part E (Declaration of Preparer).

21     Overt Act No. 7: On or about January 3, 2011, defendant MA

22 prepared and caused to be sent a letter to alien Y.C., informing

23 her that her asylum interview had been scheduled for January 18,

24 2011, and instructing her to contact him at New Arrival

25 concerning the interview.

26

27

28

COUNTS TWO THROUGH FIVE

[18 U.S.C. §§ 1546(a) and 2(b)]

14.  On or about each date set forth below, in Los Angeles County, within the Central District of California, and elsewhere, defendants HAOREN MA ("MA") and MINGHAN DONG ("DONG") knowingly presented and willfully caused to be presented an application, affidavit, and document required by the immigration laws and regulations prescribed thereunder, namely, a Form I-589, Application for Asylum or Withholding of Removal, knowing that such Form I-589 contained a false statement with respect to a material fact and failed to contain any reasonable basis in law and fact, in that each Form I-589 asserted that each of the following applicants named in the Form I-589 qualified for religious asylum because the applicant had been persecuted in China for the applicant's religious beliefs, when, in truth and in fact, as defendants MA and DONG then well knew, such applicant had not been persecuted in China for the applicant's religious beliefs:

| COUNT | DATE | APPLICANT |
|-------|------|-----------|
| TWO | March 3, 2009 | J.W. |
| THREE | April 9, 2009 | S.X. |
| FOUR | June 30, 2010 | Y.W. |
| FIVE | December 20, 2010 | Y.C. |

## COUNTS SIX THROUGH NINE

### [18 U.S.C. §§ 1001(a)(3) and 2(b)]

15. On or about each date set forth below, in Los Angeles County, within the Central District of California, and elsewhere, in a matter within the jurisdiction of the executive branch of the government of the United States, specifically, the United States Department of Homeland Security, Citizenship & Immigration Services, defendants HAOREN MA ("MA") and MINGHAN DONG ("DONG") knowingly and willfully made, caused to be made, and used a false document and writing, namely, a Form I-589, Application for Asylum and/or Withholding of Removal, knowing that the Form I-589 contained a materially false, fictitious, and fraudulent statement, in that the Form I-589 asserted that each of the following applicants named in the Form I-589 qualified for religious asylum because the applicant had been persecuted in China for the applicant's religious beliefs, when, in truth and in fact, as defendants MA and DONG then well knew, such applicant had not been persecuted in China for the applicant's religious beliefs:

| COUNT | DATE | APPLICANT |
|-------|------|-----------|
| SIX | March 3, 2009 | J.W. |
| SEVEN | April 9, 2009 | S.X. |
| EIGHT | June 30, 2010 | Y.W. |
| NINE | December 20, 2010 | Y.C. |

COUNTS TEN THROUGH THIRTEEN

[8 U.S.C. §§ 1324c(e)(1) and 2(b)]

16.  On or about each date set forth below, in Los Angeles County, within the Central District of California, and elsewhere, in a matter within the jurisdiction of the United States Department of Homeland Security, Citizenship & Immigration Services, defendants HAOREN MA ("MA") and MINGHAN DONG ("DONG") knowingly and willfully failed to disclose, concealed, and covered up the fact that they had, on behalf of each of the following applicants and for a fee or other remuneration, prepared and assisted in preparing an application for immigration benefits that was falsely made, with knowledge and in reckless disregard of the fact that the application contained a false, fictitious, and fraudulent statement and material representation, and had no basis in law and fact, namely, a Form I-589, Application for Asylum and/or Withholding of Removal, that asserted that the applicant qualified for religious asylum because the applicant had been persecuted in China for the applicant's religious beliefs, when, in truth and in fact, as defendants MA and DONG then well knew, such applicant had not been persecuted in China for the applicant's religious beliefs:

| COUNT | DATE | APPLICANT |
|---|---|---|
| TEN | March 3, 2009 | J.W. |
| ELEVEN | April 9, 2009 | S.X. |
| TWELVE | June 30, 2010 | Y.W. |
| THIRTEEN | December 20, 2010 | Y.C. |

COUNT FOURTEEN

[18 U.S.C. § 1546(a)]

17.  On or about May 6, 2011, within the Central District of California, and elsewhere, defendant HAOREN MA ("MA") knowingly presented and willfully caused to be presented an application, affidavit, and document required by the immigration laws and regulations prescribed thereunder, namely, a Form I-765, Application for Employment Authorization, knowing that such application contained a false statement with respect to a material fact and failed to contain any reasonable basis in law and fact, in that defendant MA claimed that he was an individual named G.Y., with an alien registration number ending in 618, when, in truth and in fact, as defendant MA then well knew, he was not alien G.Y. and did not have the alien registration number ending in 618.

COUNT FIFTEEN

[18 U.S.C. § 1028A(a)(1)]

18.  On or about September 14, 2011, in Los Angeles County, within the Central District of California, and elsewhere, defendant HAOREN MA knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person, that is, the name of G.Y. and G.Y.'s alien registration number ending in 618, during and in relation to the felony violation of Title 18, United States Code, Section 1546(a) charged in Count Fourteen above.


A TRUE BILL


/S/
Foreperson

ANDRÉ BIROTTE JR.
United States Attorney


ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

BEONG-SOO KIM
Assistant United States Attorney
Chief, Major Frauds Section

RANEE A. KATZENSTEIN
Assistant United States Attorney
Deputy Chief, Major Frauds Section

KERI CURTIS AXEL
Assistant United States Attorney
Major Frauds Section