JOEL LEVINE, State Bar No. 52565
JOEL LEVINE, A PROFESSIONAL CORPORATION
695 Town Center Drive, Suite 875
Costa Mesa, California 92626
Telephone:  714 662 4462
Facsimile:   714 979 9047
Email: jlesquire@cox.net
Attorney for Defendant
HAOREN MA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>HAOREN MA,<br><br>    Defendant. | CASE NO.   SA-CR-11-973-CJC<br><br>SENTENCING MEMORANDUM<br><br>Hearing Date: April 28, 2014<br>Time:               2:30 PM |

Defendant Haoren Ma hereby submits the within Sentencing Memorandum, with attached exhibits, in support of a sentence less than the 54 months recommended by the Probation Department.

Dated: April 13, 2014               Respectfully submitted,

                                    JOEL LEVINE, Esq.
                                    A Professional Corporation


                                    s/ Joel Levine
                                    JOEL LEVINE, Esq.
                                    Attorneys for Defendant
                                    Haoren Ma

# I
# INTRODUCTION

A federal grand jury indicted Mr. Ma in two cases, one alleging numerous immigration offenses, including one requiring a mandatory 2 year sentence involving the application for false asylum (along with co-defendant Dong), and the other for possession of firearms by a non-resident alien. With respect to the latter, Mr. Ma has always maintained his innocence. As part of the plea agreement in this case, the prosecution has agreed to dismiss the weapons case.

Mr. Ma and Mr. Dong worked in an agency which counseled others to falsify requests for asylum. Mr. Ma has accepted his responsibility for these offenses, and has both orally and in writing expressed remorse for his conduct and respect for the court system. As of the date of sentencing, he will have already served approximately 31 months in federal custody.

As more fully set forth below, we urge the Court to sentence Mr. Ma closer to the actual time already served than to the 54 months recommended by U.S. Probation.

# II
# THE PROBATION REPORT AND GUIDELINE CALCULATION

The report is largely correct. Minor corrections are pointed out in paragraphs 73 and 74, which should make reference to Tina, not Linda. In addition, Mr. Ma's past, as reflected in paragraphs 79 and 80, includes alcohol abuse, which the Court may wish to address as part of its adjudicated sentence.

We do wish to address the calculation of criminal history, which placed Mr.

1  Ma in Category III. Both prior convictions were a result of alcohol abuse, and one
2  involved domestic violence. That conviction ocurred in 2002, over 11 years ago.
3  While domestic violence resulting from alcohol abuse is not countenced herein, the
4  misdemeanor convictions are, we submit, far less serious than this Court is
5  presented with in calculating criminal history. In appropriate cases, the Court can
6  grant a linear departure to reduce the criminal history calculation. See <u>United
7  States v. Reyes</u>, 8 F3d 1379 (9th Cir. 1993). We believe the instant case is worthy
8  of such an adjustment.

**A.  Section 3553(a) Factors**

12  This Court is well aware of the 3553(a) factors, and due to that awareness
13  and their depiction at p. 3 of the probation officer's letter of February 18, 2014.
14  We will therefore not repeat those factors herein.
15  We wish to focus the Court's attention on one of those factors, to wit: the
16  potential disparity of the sentences between the two participants in this scheme.
17  The recommendation of 54 months is, we expect, a much larger sentence than the
18  one to be recommended for Mr. Dong. Yet their conduct is strikingly similar.
19  We also wish to offer some practical suggestions as to the total term to be
20  imposed. Mr. Ma, as previously stated, has already served 31 months, and for that
21  service will hopefully receive good time credits of approximately 5 months. As a
22  non-resident alien, he will also be subject to deportation, which, in this District is
23  not an overnight process, and sometimes takes several months. Should the Court
24  factor these calculations, even with a sentence of 36 months from this Court, Mr.
25  Ma will continjue to be in custody for several additional months. Such actual time
26  in custody is not very different from the 54 months recommended by United States
27  Probation, or the Guideline calculation suggested above of 48 months, if the linear
28  departure for overstated criminal history is granted.

1    We also note, in making this request, that Mr. Ma, based on his prior abuse
2 of alcohol, might have qualified for a substance abuse program while incarcerated,
3 but will most likely not qualify due to his immigration status.
4    These considerations and recommendations are more on the practical side of
5 the equation. We hope the Court sees the wisdom in this practicality, and
6 sentences Mr. Ma to 36 months in custody.
7    As the Court evaluates this request, we ask that consideration be given to the
8 letters attached hereto, including those from Mr. Ma.

11  Dated: April 13., 2014                    Respectfully submitted,

13                                            JOEL LEVINE, Esq.
                                              A Professional Corporation

15                                            s/ Joel Levine
                                              JOEL LEVINE, Esq.
16                                            Attorneys for Defendant
                                              HAOREN MA